U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - SHREVEPORT

NOV 06 2007

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CIVIL ACTION NO. 06-0436 |
| | CRIMINAL NO. 03-50033-02 |
| VERSUS | JUDGE DONALD E. WALTER |
| LARRY NEAL THOMPSON, JR. | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

Before this Court is the Motion to Vacate, Set Aside or Correct Sentence Under 28 U.S.C. § 2255 [Doc. #320] filed on behalf of defendant, Larry Neal Thompson, Jr. ("Thompson"). Thompson has filed this §2255 motion asserting claims of ineffective assistance of counsel for his counsel's failure (1) to file a reply to the Government's supported opposition to the defendant's Motion to Correct Sentence [Doc. #182], and (2) to appeal the severity of Thompson's sentence. For the reasons assigned herein, Thompson's motion is **DENIED**.

## STATEMENT OF THE CASE

On March 27, 2003, a federal grand jury returned a four-count indictment against the defendant and five other individuals charging them with offenses related to a bank robbery. Defendant Thompson was named in all four counts. Counts One and Two charged him with conspiracy to commit bank robbery and bank robbery, respectively. Count Three charged him with use of firearms during a crime of violence. Count Four charged him with possession of stolen firearms.

For the sake of efficiency, this Court adopts the summary of relevant facts set forth by the Magistrate in the Report and Recommendation issued on March 28, 2006 [Doc. #325], with regard

to co-defendant Nicholas Gentry's §2255 motion.

Thompson pleaded guilty to Counts Two and Three, bank robbery and use of a firearm during a crime of violence. Thompson was the driver of the getaway van. The presentence report ("PSR") suggested, with respect to the bank robbery count, a guidelines range of 235 to 293 months based, in part, on a calculation of the relevant loss that included not only the robbery proceeds but also (1) the worker's compensation indemnity and medical expenses associated with the injured officer's wounds and (2) the home repairs. Defense counsel filed a motion to allow Thompson to adopt his co-defendants' objections to the PSR "insofar as they relate[d] to his case . . . as if . . . Thompson had filed the same objections." [Doc. #174]. Defendant's motion was reluctantly granted. See Doc. #236, Sentencing, pp. 3, 12. Thompson received a 264 month sentence on Count Two, which was within the recommended guidelines range in the PSR. The Court also imposed a 120 month sentence, to be served consecutively, on the firearms count. At sentencing, defense counsel for Thompson adopted his co-defendants' objection, inter alia, that the amount of loss calculation improperly included the amount paid by the worker's compensation carrier as a result of the police officer's injuries. Id. at pp. 7-8. That objection was overruled.

After Thompson was sentenced, a Motion to Correct Sentence was filed on his behalf, wherein Thompson asserted that he was entitled to a sentence reduction because defense counsel had allegedly been informed by the Government that the relevant loss in the PSR was not accurate, and that the actual amount of loss was less than $800,000.00. The Government opposed this motion with supporting documentation that showed a relevant loss amount of $810,239.16. Included in the relevant loss calculation presented by the Government was the amount of $42,879.30, representing the amount of worker's compensation benefits and medical bills and expenses paid on behalf of the

officer injured during the course of the armored car robbery. The Court gave Thompson ten days within which to file a reply to the Government's opposition. No such reply was ever filed. Because defendant failed to contradict the Government's assertions with regard to the loss calculation, this Court denied defendant's Motion to Correct Sentence.

On appeal, defense counsel asserted on behalf of defendant Thompson that his base offense level was unconstitutionally enhanced based on Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403. Specifically, counsel appealed the following enhancements used to calculate Thompson's sentence: (1) 6 points for "permanent injuries" sustained by a victim, "as opposed to 2 points for an injury"; (2) 4 points for total amount of loss in excess of $800,000, instead of 3 points for the stipulated loss of $780,000; and (3) 2 points for reckless endangerment. Appellant Brief, 2004 WL 3588396, *12. The Fifth Circuit affirmed Thompson's sentence and found that because Thompson did not address this Court's basis for denying his Rule 35 motion, Thompson "abandoned any contention regarding the district court's ruling." United States v. Gentry, 118 Fed.Appx. 820, 823 (5th Cir. 2004). The Fifth Circuit further found that defendants' Blakely, supra., arguments were foreclosed by United States v. Pineiro, 377 F.3d 464, 465-66 (5th Cir. 2004), which was subsequently vacated by virtue of United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). See Gentry, 118 Fed.Appx. at 822.

Two co-defendants, Nicholas Gentry and Larry Neal Thompson, Sr., properly appealed the loss issue. The Fifth Circuit held that the worker's compensation indemnity benefits and medical expenses associated with the officer's wounds should not have been included in the computation as the definition of "loss" extends only to impairments to property. Id. at 823. If Thompson's guidelines range is recalculated in accordance with the Fifth Circuit's decision, the proper guidelines

3

range is 210 to 262 months. Thus, Thompson's 264 month sentence is merely two months greater than the properly calculated maximum guidelines sentence.

## LAW AND ANALYSIS

To establish ineffective assistance of counsel, the defendant must prove two components: deficient performance and prejudice. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The Fifth Circuit has consistently found that "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." Id., at 697, 104 S.Ct., at 2069; see also United States v. Ridgeway, 321 F.3d 512, 514-15 (5th Cir. 2003). Assuming, then, without deciding, that Thompson's representation fell below an objective standard of reasonableness, Thompson has failed to demonstrate a reasonable probability that, without his counsel's errors, his sentence "would have been **significantly** less harsh." United States v. Franks, 230 F.3d 811, 814-15 (5th Cir. 2000) (quoting Spriggs v. Collins, 993 F.2d 85, 88 (5th Cir. 1993)) (emphasis added).

Defendant's current sentence is two months greater than the corrected guidelines maximum of 262 months. "When imposing a non-guidelines sentence, the district court must more thoroughly articulate its reasons for the sentence than when it imposes a sentence within the Guidelines system." United States v. Smith, 440 F.3d 704, 707 (5th Cir. 2006).

In this case, the Court finds that the seriousness of the offense, the danger that was inflicted on the community, the harm to a police officer injured during the crime and to provide adequate deterrence to criminal conduct along with protecting the public from further crimes by the defendant warrants the 264-month sentence on the bank robbery count.

## CONCLUSION

After having reviewed defendant's motion, having presided over the trial of Thompson's co-defendant, Regan Gatti, having reviewed Thompson's PSR and the transcript from Thompson's sentencing on February 12, 2004, this Court finds that Thompson has failed to establish that he suffered any prejudice as a result of counsel's alleged errors as the sentence as originally given was reasonable under the circumstances. Accordingly, defendant's §2255 motion is **DENIED**.

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE